■ In the Matter of the Claim of STANLEY P. WITUCKI, Respondent, v. AMERICAN MACHINERY & FOUNDRY Co. et al., Appellants, and PULLMAN COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Upon this appeal, the issue as between respondent claimant and appellants employer and carrier was resolved by our decision of November 10, 1965 (24 A D 2d 906), and the remaining issue, which is between appellants and respondent self-insured employer, is now before us upon reargument. The employee filed claims against the last employer and a prior employer. That against the prior employer was disallowed, as not timely, by Referee's decision of June 18, 1963. No review of that decision was had or sought and that claim is now irrelevant to the appeal before us. That decision upon the *employee's* claim did not necessarily dispose of the last *employer's* right to reimbursement and at the hearing on both claims, held April 17, 1963, at which both employers were present and at which the Referee orally anounced his disallowance of the employee's claim against the prior employer as not timely made, the last employer, after such disallowance, reiterated its demand for reimbursement and its contention that the prior employer was on notice thereof and, upon the Referee's subsequent discharge, at the same hearing, of the prior employer as a party to the proceeding by the employee against the last employer, the last employer excepted to such discharge and, by letter of June 27, 1963, denominated in the record before us as an "Application for Review", referred to the Referee's holding or decision at the hearing of April 17, 1963 and requested "clarification and determination" of its liability for such part of claimant's loss of hearing as was incurred in the prior employment and "reserve[d] the right to request * * * reimbursement". The last employer, in its subsequent application, dated March 30, 1964, for review of the decision of March 24, 1964, whereby the actual award was made, does not specifically refer to the issue of reimbursement as such but does assert its rights under section 49-ee of the Workmen's Compensation Law and does seem to contest its ultimate liability for the entire hearing loss. In any event, the board considered that the issue of reimbursement was before it, whether under the earlier so-called application for review or under the later application or otherwise. Although the decision is not entirely clear, the board seems

to have denied the last employer's demand for reimbursement, first, on the mistaken legal ground that sections 28 and 40, which do apply to and limit the *employee's* claim against the prior employer, are equally applicable to the last *employer's* right to reimbursement from the prior *employer* — a construction belied by the clear and unambiguous language of section 49-ee, as well as by its obvious purpose and intent — and, second, on the factual ground that "the record does not contain specific and definite evidence as to proper criteria used for determining any alleged pre-employment loss of hearing". In respect of this latter ground of decision, the development of the record on the issue of hearing loss prior to the last employment was foreclosed, over appellants' protest, by the Referee's premature discharge of the prior employer's liability for reimbursement on the same erroneous legal ground later utilized by the board — the supposed time limitations of sections 28 and 40. The decision insofar as the same awards benefits to claimant-respondent is affirmed, without costs, and insofar as it denied reimbursement to appellants is reversed, with costs to appellants against respondent employer; and the case, in respect of appellants' application for reimbursement, is remitted to the board for development of the record and without prejudice to the consideration by the board of the procedural and other objections asserted in the statements filed on the reargument by respondent employer and respondent board, and for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.